UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDDIE L. RAINEY,<br><br>      Plaintiff,<br><br>    v.<br><br>J.B. HUNT TRANSPORT, INC. and<br>RACHEL CHRISTENSEN,<br><br>      Defendants. | No. 14 CV 296<br><br>Judge Manish S. Shah |

**MEMORANDUM OPINION AND ORDER**

Proceeding *pro se*, Eddie L. Rainey sued his former employer, J.B. Hunt Transport, Inc., and one of its employees, Rachel Christensen. Rainey alleged that defendants violated 42 U.S.C. § 1981, which prohibits race discrimination in employment. On May 9, 2014, defendants moved to dismiss the amended complaint. Rainey asked to have until August 29, 2014 to respond, and I granted that request, but he failed to respond. For the reasons discussed below, defendants' motion to dismiss is granted.

**I.    Legal Standards**

I construe Rainey's *pro se* complaint liberally. *Nichols v. Mich. City Plant Planning Dep't*, 755 F.3d 594, 600 (7th Cir. 2014). Defendants' motion was brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure. I therefore construe the complaint in the light most favorable to Rainey, accept as true all well-pleaded facts, and draw reasonable inferences in his favor. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). Statements of law, however, need not be accepted as true.

*Id*. Rule 12(b)(6) limits my consideration to "allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

To survive defendants' motion, the complaint must "state a claim to relief that is plausible on its face." *Yeftich*, 722 F.3d at 915 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## II. Facts[1]

In July 2012, Hunt hired three owner-operators of semi-tractor trucks. Complaint ¶ 16(a). Rainey, who is black, was one of the three; a white man and a black man named Ken were the other two. Complaint ¶¶ 4, 16(b)–(c).

### A. Access to Parking Lot

Rainey was given a parking permit and an employee identification card, authorizing him to park in Hunt's lot. Complaint ¶ 16(e). Nonetheless, in October 2012, defendant Christensen, who was a manager, ordered Rainey to stop parking in the lot. Complaint ¶¶ 15, 16(b)–(c). Christensen also ordered Ken (the other black owner-operator) to stop parking in the lot. Complaint ¶ 16(c). Contrary to Christensen's order, Rainey parked in the lot for an additional week. Complaint

---

[1] The facts are taken from the amended complaint [21], which is cited as "Complaint."

¶ 16(f). Christensen warned him that if he continued to do so, his truck would be towed. Complaint ¶ 16(f). Rainey began parking elsewhere, at an added cost of $75 per month. Complaint ¶ 16(i).

Unlike Rainey and Ken, the white owner-operator was not forbidden from parking in the lot, so he continued to do so. Complaint ¶¶ 16(g)–(h).

### B. Hard Braking Incidents

Allegedly, Hunt encouraged owner-operators to drive in a particular manner. Complaint ¶ 17. Driving in the encouraged manner leads to "hard braking."[2] Complaint ¶ 17. On January 16, 2012, Hunt detected that Rainey had a hard braking incident. Complaint ¶ 25(ii); Complaint Ex. 5. Rainey met with a manager to discuss the incident, but the meeting did not go well. Complaint ¶¶ 25(iii)–(iv); Complaint Ex. 5. The manager noted that Rainey had 25 hard braking incidents in the prior three-and-a-half months, and recommended that he be fired immediately. Complaint Ex. 5. Defendant Christensen contributed to or reviewed that recommendation. Complaint Ex. 5. Rainey was fired the next day. Complaint ¶ 6.

## III. Analysis

### A. Rainey's Prior Admissions

Defendants ask that the complaint be dismissed because it alleges that Christensen discriminated against Rainey on the basis of race, but Rainey previously stated that he did not "maintain" that Christensen's actions were

---

[2] The amended complaint does not define "hard braking," but I gather that it means applying the brakes forcefully and suddenly. That's consistent with Exhibit 5 to the amended complaint, which states that hard braking events "can point out a trend of aggressive driving" and that "aggressive drivers [who] don't have a good space cushion will eventually have a collision." Complaint Ex. 5.

3

discriminatory. [23] at 8–9 (citing [15] ¶ 13). But Rainey's admission concerned his *original* complaint, while the present motion concerns his *amended* complaint. The amended complaint alleges additional actions that Christensen took. *E.g.*, [21] ¶¶ 15–16. Rainey was given leave to amend his complaint and there is nothing wrong with him having added a claim for race discrimination that he did not previously pursue.

### B. Hard Braking Incidents

Rainey's allegations concerning the hard braking incidents sound in breach of contract: he alleges that hard braking is not a proper ground for termination, and that Christensen made the decision to fire him but lacked the authority to do so. *See* Complaint ¶¶ 18, 20, 22–23, 25. Rainey makes no specific allegation that Hunt's complaints about hard braking, or Rainey's resulting termination, were based on race. Thus, allegations concerning hard braking and Rainey's termination do not state a claim under 42 U.S.C. § 1981.

### C. Access to Parking Lot

In their motion to dismiss, defendants argue that Rainey's allegations concerning Hunt's parking lot do not state a claim under § 1981 because Rainey does not allege that he suffered a materially adverse employment action. [23] at 11. Defendants argue that "[a]t most, Plaintiff alleges that he was given verbal warnings about parking that were not given to white employees." [23] at 11 (citing *Grube v. Lau Indus., Inc.*, 257 F.3d 723, 729–30 (7th Cir. 2001) ("Unfair reprimands or negative performance evaluations, unaccompanied by some tangible job consequence, do not constitute adverse employment actions.")). Rainey's allegations

4

go beyond verbal warnings: he alleges that parking elsewhere cost him $75 per month. Complaint ¶ 16(i).

Nonetheless, the Seventh Circuit has stated that "even the denial of a monetary perk, such as a bonus or reimbursement of certain expenses, does not constitute an adverse employment action if it is wholly within the employer's discretion to grant or deny and is not a component of the employee's salary." *Tyler v. Ispat Inland Inc.*, 245 F.3d 969, 972 (7th Cir. 2001). The discriminatory assignment or use of parking spaces as alleged here does not amount to an adverse employment action, and therefore the complaint does not state a claim under § 1981. *See, e.g.*, *Griffin v. Potter*, 356 F.3d 824, 829 (7th Cir. 2004) (in age discrimination case, denial of requested temporary parking permit was not an adverse employment action); *Peace v. Harvey*, 207 Fed. Appx. 366, 368–69 (5th Cir 2006) (loss of assigned parking space was not an adverse employment action).

In addition, because Rainey failed to respond to defendants' motion to dismiss, his complaint is subject to dismissal. *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (a complaint that complies with the pleading requirements is nonetheless subject to dismissal where the plaintiff fails to file a brief supporting its adequacy). *See also Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) ("If [a court is] given plausible reasons for dismissing a complaint, [the court is] not going to do the plaintiff's research and try to discover whether there might be something to say against the defendant's reasoning. . . . In effect the

5

plaintiff was defaulted for refusing to respond to the motion to dismiss. And rightly so.").

Rainey's *pro se* status does not preclude dismissal. In dismissing a *pro se* complaint where the plaintiff failed to respond to the defendant's Rule 12(b)(6) motion, Judge Feinerman recently stated:

> Phongsa had ample opportunity to respond to Chase's motion, and her status as [a] *pro se* litigant[] does not excuse her noncompliance with the scheduling order or her failure to respond to the motion. *See Wilson v. Bruce*, 400 F. App'x 106, 109 (7th Cir. 2010) ("Whatever benefits Wilson may seek as a pro se litigant, they do not include license to disregard the court's orders."); *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) ("being a pro se litigant does not give a party unbridled license to disregard clearly communicated court orders"); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines"). Because Phongsa failed to respond to Chase's plausible arguments in support of dismissal, her claims are dismissed with prejudice.

*Phongsa v. JPMorgan Chase Bank, N.A.*, No. 13-cv-5573, 2014 U.S. Dist. LEXIS 75011, at *5 (N.D. Ill. 2014). That reasoning applies with even greater force here, because Rainey specifically requested the generous August 29, 2014 deadline for his response, but nonetheless failed to respond.

## IV. Conclusion

For the foregoing reasons, defendants' motion to dismiss [22] is granted.[3]

ENTER:

                                                    */s/ Manish S. Shah*
                                                    Manish S. Shah
                                                    United States District Judge

Date: 9/15/14

---

[3] Plaintiff's motion for attorney representation [27] is denied. Plaintiff is an experienced litigant and was able to clearly state his position and arguments at the hearing held on July 18, 2014, such that I find that he can represent himself in these proceedings. The motion to proceed *in forma pauperis* [26] is denied as moot because plaintiff paid the filing fee when he filed his original complaint and no additional fee was due when filing the amended complaint.